Mr. Justice McWilliams
dissenting.
I respectfully dissent, as I would reverse the trial court and would approve the action of the Trustees denying Putnam’s claim for a pension.
On July 11, 1960 Putnam was informed by the police chief that he, Putnam, had been accused of molesting several children. Putnam initially reacted to this accusation by submitting a letter of resignation. Later, on the same day, Putnam, after consulting a lawyer, withdrew his resignation and filed a formal application for his retirement with a pension.
After making an investigation of the matter, the police chief on July 12, 1960 terminated Putnam’s employment as a police officer, the dismissal being “for cause, misconduct unbecoming an officer with the evidence I had.”
Thereafter, Putnam was charged with the crime of indecent liberties in a number of criminal informations filed in the district court for Adams County. Putnam entered a plea of nolo contendere in one of these criminal cases and in connection therewith was placed on probation. The other criminal charges were later dismissed.
Putnam did not in any manner “appeal” his discharge from the department, and the present writ of error relates only to Putnam’s claim for a disability retirement pension. In connection with this application for a pension, Putnam’s general “theory of the case” was that he had suffered mental depression and nervous disorders as a result of the accusations against him of misconduct, which accusations had theretofore formed the basis for his discharge from the police force.
The Trustees denied the Putnam claim on the general ground that he had failed to prove his mental and nervous problems were “service incurred,” and that one who incurs an injury because of misconduct is not entitled to a retirement pension. I agree with the Trustees’ handling of the matter. It is Putnam, of course, who has the burden of establishing his right to a pen *236 sion. In other words, he must prove that his nervous problems were service incurred and not the result of any misconduct on his part. This, in my view, he failed to do. In fact, as I read the record, at the several hearings in connection with his claim for a pension Putnam never did come right out and deny the truth of the accusations against him.
In summary, we have the somewhat anomalous situation of a policeman who is fired for misconduct, but who is thereafter awarded a pension for a nervous disorder occasioned by the very misconduct which formed the basis for his discharge.